IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOSEPH D. BAILEY, | ) | |
| | ) | |
| PLAINTIFF | ) | |
| | ) | |
| V. | ) | Case No. _____ |
| | ) | |
| HARRIS COUNTY, HARRIS | ) | |
| COUNTY SHERIFF'S OFFICE, HARRIS | ) | |
| COUNTY SHERIFF ED GONZALEZ, | ) | |
| FORMER HARRIS COUNTY SHERIFF | ) | |
| RON HICKMAN, B.G. CROFT, JR., DAVID | ) | |
| KERN, AND MILES COCO | ) | |
| | ) | |
| DEFENDANTS | ) | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW **Plaintiff Joseph D. Bailey,** ("Mr. Bailey," "Plaintiff"), complaining of **Defendants Harris County, Harris County Sheriff's Office ("HCSO"), Harris County Sheriff Ed Gonzalez, Former Harris County Sheriff Ron Hickman, B.G. Croft, Jr., David Kern, and Miles Coco, (collectively "Defendants")** and for cause of action would respectfully show unto this Honorable Court the following:

## I.
## NATURE OF ACTION, JURISDICTION AND VENUE

1.     This civil action is brought pursuant to 42 U.S.C. § 1983 against the Defendants for committing acts, under the color of law, with the intent of and for the purpose of depriving Plaintiff of rights secured under the Constitution and laws of the United States and seeking

1

damages arising therefrom, including but not limited to a manifest violation of Mr. Bailey's clearly established right, under the Fourteenth Amendment to the United States Constitution, to be entitled to due process during pretrial detention protecting him from excessive force during his pre-trial detainment. Pursuant to these rights, particularly protection from being subjected to the use of excessive force, which violation should have been clear from the perspective of a reasonable police officer on the scene, viewing the objective facts surrounding Mr. Bailey's assault by Defendants, resulting in his serious physical injury.  As will be summarized *infra,* the egregious facts of this case support no basis for the attack by B.G. Croft, Jr., David Kern, and/or Miles Coco whatsoever and they therefore cannot validly claim immunity from liability.

2.      This case arises under the United State Constitution, including the Bill of Rights, and 42 U.S.C. § 1983.  This Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1331 and 1343, as Mr. Bailey brings this action resulting from injuries and consequent damages sustained as a direct and proximate result of Defendants' actions and omissions in violation of his civil rights.

3.      This Court is an appropriate venue for this cause of action pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2).  The actions complained of and all of the facts surrounding such incident and its aftermath took place in this judicial district and division, the Plaintiff, Mr. Bailey, is a resident of Houston, Harris County, Texas located within this district and division, B.G. Croft, Jr., David Kern, and Miles Coco were acting under the color of state law as deputies and/or detention officers of the Harris County Sheriff's Office, a sub-division of Harris County, Texas, ("County"), which is located entirely within this district

and division, and all witnesses, documents, records and evidence, or the overwhelming majority thereof are located within this district and division.

4.      Mr. Bailey asserts that Harris County, Harris County Sheriff's Office, Harris County Sheriff Ed Gonzalez and Former Harris County Sheriff Ron Hickman, are liable for the violation of his civil rights due to their impermissible and wholly unjustified use of clearly prohibited excessive force.

## II.
## PARTIES

5.      Plaintiff Joseph D.  Bailey is a resident of Harris County, Texas, a county within the Houston Division of the Southern District of Texas.

6.      Defendant Harris County is a political subdivision of the State of Texas.  It may be served with citation herein by serving the Harris County Judge, Honorable Ed Emmett, at 1001 Preston, Suite 911, Houston, Harris County, Texas 77002 or wherever he may be found.

7.      Defendant Harris County Sheriff's Office, a subdivision of the political subdivision of the State of Texas, Harris County may be served with process by serving Harris County Sheriff Ed Gonzalez an, located at 1200 Baker Street, Houston, Texas 77002, or wherever he may be found.

8.      Defendant Harris County Sheriff Ed Gonzalez is natural person.  He may be served at 1200 Baker Street, Houston, Harris County, Texas 77002 or wherever he may be found.

9.      Defendant Former Harris County Sheriff Ron Hickman is an individual and can be served at 1200 Baker Street, Houston, Texas 77002, or wherever he may be found.

10.    Defendant B.G. Croft, Jr. (also known as B. Croft) is a Harris County Sheriff's Deputy, rank of Sergeant, employed by Harris County at the time of this incident and may be served with process at at1200 Baker Street, Houston, Texas 77002, or wherever he may be found.

11.    Defendant David Kern is a Harris County detention officer employed by Harris County at the time of this incident and may be served with process at at1200 Baker Street, Houston, Texas 77002, or wherever he may be found.

12.    Defendant Miles Coco is a Harris County detention officer, rank of sergeant, employed by Harris County at the time of this incident and may be served with process at at1200 Baker Street, Houston, Texas 77002, or wherever he may be found.

### III.
### STATEMENT OF UNDERLYING FACTS

13.    Plaintiff and Houston resident Joseph D. Bailey is a forty-one (41) year-old white male, barely 5'7" in height and weighing at most about 180 pounds.

14.    On or about April 19, 2016, during Second Watch, Mr. Bailey and his significant other had a dispute.  The neighbors called the law.  Mr. Bailey was arrested.

14.    Upon arrival at the Harris County Jail Processing Center, Mr. Bailey is escorted through the sally port garage to a door on the left which then leads to a white-painted hallway.

15.    Mr. Bailey is escorted down the white-painted hallway into another area where AFIS (Automated Fingerprint Identification Systems) is utilized.

16.    Mr. Bailey's booking photo is then taken.

17.     Mr. Bailey now stands in front of counter and begins to vocalize certain thoughts, feelings, and complaints.

18.     Mr. Bailey's are tightly cuffed behind his back.

19.     Mr. Bailey then says something to the effect that 'he knows goes on here' suggestive of the long history the Harris County has for abuse and use of excessive and unreasonable fore of its prisoners and detainees.

20.     Mr. Bailey goes on to say something to the effect that 'you'll get what's coming' suggestive of the fact that Harris County's unreasonable and excessive force cannot continue.

21.     Harris County Deputy Sheriff B.G. Croft, Jr. choses to respond to these comments by employing force.

22.     Suddenly, without warning, Harris County Deputy Sheriff B.G. Croft, Jr. wraps his hands around the back of Mr. Bailey's neck and throat and uses his strength to pick up Mr. Bailey off the ground.

23.      In executing this maneuver, with Harris County Deputy Sheriff B.G. Croft, Jr.'s hand around Mr. Bailey's neck and throat, Mr. Bailey is deprived of oxygen.

24.     Mr. Bailey cannot breathe normally while he is carried by Harris County Deputy Sheriff B.G. Croft, Jr.

25.     To the best of the recollection of Mr. Bailey, Harris County Deputy Sheriff B.G. Croft, Jr. chokes and carries Mr. Bailey by his neck a distance of at least thirty (30) and perhaps as much as forty (40) paces.

26.   Harris County Deputy Sheriff B.G. Croft, Jr. impedes the breathing of Mr. Bailey by applying pressure around his neck and throat for about thirty (30) seconds or more.

27.   Harris County Deputy Sheriff B.G. Croft, Jr. leaves multiple contusions on the area of Mr. Bailey's neck and throat.

28.   At no time does Mr. Bailey pose any kind of physical threat to the safety of the officers or other inmates.

29.   The whole time he is choked and carried, Mr. Bailey remains in handcuffs.

30.   Mr. Bailey merely vocalized his thoughts, feelings and complaints and nothing more.

31.   Mr. Bailey could feel the sudden distortion of his neck moving forward with his head moving backwards causing great pain.

32.   Mr. Bailey has no warning, nothing with which to prepare himself, and as a result of this act of violence.

11.   There were many other compliance or communication methods available to Harris County Deputy Sheriff B.G. Croft, Jr.

12.   It was the choice of Harris County Deputy Sheriff B.G. Croft, Jr. to use force.

13.   The force used by Harris County Deputy Sheriff B.G. Croft, Jr. on Mr. Bailey is excessive based on the totality of the circumstances.

14.   Choking and/or carrying a detainee by the throat is not an appropriate weaponless control technique.

33.   Harris County has a policy or custom to ignore the use of force in the processing center of the Harris County Jail.

34.     Harris County's policymakers have a policy or custom to ignore the use of force in the processing center of the Harris County Jail.

35.     After being carried by his throat, Harris County Deputy Sheriff B.G. Croft, Jr. releases Mr. Bailey in front of one of two tiny separation cells adjacent to a larger separation cell.

36.     Now Mr. Bailey meet Detention Officer David Kern.

37.     Detention Officer David Kern makes physical contact with Mr. Bailey.

38.     Part of the physical contact made by Detention Officer David Kern involves the immediate use of force.

39.     Detention Officer David Kern uses force by applying pressure with the wedge of his bent arm around the throat of Mr. Bailey.

40.     Now trapped in this small cell; Mr. Bailey was powerless to -- and in fact did not -- resist this second surprise assault.

41.     Detention Officer David Kern, based on the totality of the circumstances, choses to use excessive force on Mr. Bailey.

42.     Detention Officer David Kern then took Mr. Bailey's head while in still a headlock and thrusts it into the wall, lacerating Mr. Bailey's head.

43.     The blood leaving Mr. Bailey's freshly lacerated skull darkly colors the white shirt worn by the detention officer.

44.     Detention Sergeant Miles Coco joined in this assault at some point.

45.     While Mr. Bailey is on the ground, Detention Sergeant Miles Coco uses force on Mr. Bailey.

46.     Detention Sergeant Miles Coco jabs Mr. Bailey in the ribs with a solid object causing Mr. Bailey immense pain, bringing him to tears.

47.     Detention Officer Sergeant Miles Coco, based on the totality of the circumstances, choses to use excessive force on Mr. Bailey.

48.     Mr. Bailey does not recall being able to protect himself and temporarily lost consciousness.

49.     Mr. Bailey is dazed, frightened and in pain, but the two abusive deputies leave him alone in the cell with his injuries.

50.     Mr. Bailey experienced severe pain in his neck and throat where blood seeped onto his face.  His head is lacerated and is throbbing.

51.     Mr. Bailey is seen finally by the processing medic.

52.     Mr. Bailey is asked if he was in a car wreck by the medic.

53.     Mr. Bailey denies being in a car wreck and states that he was abused the deputy and jailors.

54.     Mr. Bailey experiences trouble concentrating and focusing and was finally seen by a medic in the jail in June who relayed to Mr. Bailey that was post-concussive.

55.     Mr. Bailey's cognition has suffered as a result of this event.

56.     Mr. Bailey did not receive proper medical attention in a timely manner and his laceration was unable to be stitched risking infection and other injury.

57.     Harris County's Internal Affairs regularly receives complaints regarding excessive force and has a policy or custom of closing use of complaints without taking action.

58.     Harris County Internal Affairs has a policy or custom of bias or prejudice in favor of deputies and officers.

59.     Upon information and belief, B.G. Croft, Jr. provided false or misleading information to one or more Internal Affairs investigators.

60.     Upon information and belief, David Kern provided false or misleading information to one or more Internal Affairs investigators.

61.     Upon information and belief, Miles Coco provided false or misleading information to one or more Internal Affairs investigators.

**IV.**
**CAUSES OF ACTION**

**A. 42 U.S.C. § 1983 Claims against B.G. Croft, Jr., David Kern, and Miles Coco:**

**(a)     Excessive Force**

62.      Mr. Bailey asserts claims against each and all B.G. Croft, Jr., David Kern, and Miles Coco, pursuant to 42 U.S.C. § 1983, based upon their deprivation of and violation of Mr. Bailey's clearly established right, under the Fourteenth Amendment to the United States Constitution, to be entitled to due process during pretrial detention protecting him from excessive force during his pre-trial detainment.  Such violation should have been clear from the perspective of a reasonable police officer on the scene, viewing the objective facts surrounding Mr. Bailey's assault in circumstances where he was choked, carried, lacerated and assaulted where there was no disturbance ongoing and no reason whatsoever to exert violent physical force upon him, resulting in his serious physical injury.

63.     As plead above, without warning or provocation, Mr. Bailey was choked and abused Defendants with no ability to protect himself.  Such acts constitute excessive force in that Mr. Bailey was not physically resisting any actions by the officers.  Further, such request was not unreasonable at the time or considering the circumstances and cannot create a basis for the excessive use of force which Mr. Bailey endured.

**(b)     Denial of Medical Care/Attention**

64.     Mr. Bailey asserts claims against each and both all B.G. Croft, Jr., David Kern, and Miles Coco, pursuant to 42 U.S.C. § 1983, based upon their intentional deprivation of and violation of Mr. Bailey's established rights.  After being choked and cut, Mr. Bailey was denied medical attention, despite his request for such attention. Mr. Bailey did not pose any type of risk which would have prevented medical attention in a timely and expeditious manner considering his injuries.

**B.  42 U.S.C. § 1983 Claims against Harris County:**

**(a)     Excessive Force**

65.      Mr. Bailey asserts claims against Harris County, pursuant to 42 U.S.C. § 1983, based upon its deprivation of and violation of Mr. Bailey's clearly established right, under the Fourteenth Amendment to the United States Constitution, to be entitled to due process during pretrial detention protecting him from excessive force during his pre-trial detainment.  Such violation should have been clear from the perspective of a reasonable police officer on the scene, viewing the objective facts surrounding Mr. Bailey's assault in circumstances where he was choked, carried, lacerated and assaulted where there was no

disturbance ongoing and no reason whatsoever to exert violent physical force upon him, resulting in his serious physical injury.

66.     As plead above, without warning or provocation, Mr. Bailey was severely abused by Defendants with no ability to protect himself.  Such acts constitute excessive force in that Mr. Bailey was not physically resisting any actions by the officers Further, any comments made by Mr. Bailey considering the circumstances cannot create a basis for the excessive use of force which Mr. Bailey endured.

> **(b)     Denial of Medical Care/Attention**

67.     Mr. Bailey asserts claims against Harris County, pursuant to 42 U.S.C. § 1983, based upon their intentional deprivation of and violation of Mr. Bailey's established rights. After being choked, abused and lacerated, Mr. Bailey was denied medical attention, despite his request for such attention. Mr. Bailey did not pose any type of risk which would have prevented medical attention in a timely and expeditious manner considering his injuries.

> **(c)     Failure to Supervise**

68.     Defendants Harris County has a constitutionally inadequate policy, custom, protocol, and/or training that results in its jail employees believing that the following conduct, which constitutes evidence, in part, of these Defendants' inadequate training, supervision, and/or discipline:

> (a)     has a policy, procedure, custom, practice, or protocol of inadequately training, supervising, and/or disciplining its employees which was a or the motivating force behind Plaintiff's injuries.
>
> (b)     A reasonable employee would have known that it was unnecessary to choke Mr. Bailey under the circumstances.

(c)     A reasonable employee would have known that it was unnecessary to choke and carry Mr. Bailey under the circumstances.

(d)     A reasonable employee would have known that it was unnecessary to put Mr. Bailey in a headlock and ram him against the wall under the circumstances.

(e)     A reasonable employee would have known to not employ excessive or unreasonable force to Mr. Bailey.

(f)     A reasonable employee would have known to not use force on Mr. Bailey under the circumstances.

(g)     A reasonable employee would have known to not grab Mr. Bailey's neck and throat from behind without warning.

(h)     A reasonable employee would have known to not make contact Mr. Bailey from behind in such a manner as would cause him to be deprived of oxygen.

(i)     A reasonable employee would have known to not make contact with Mr. Bailey in such a manner that resulted in bodily injury.

(j)     A reasonable employee would have known to not make contact with Mr. Bailey given the circumstances in such a manner that resulted in Mr. Bailey's loss of consciousness.

(k)     A reasonable employee would have known to not refuse to provide Mr. Bailey with medical attention within a reasonable amount of time.

**(d)     Discipline Regarding Violation of Rights of Citizens Under the Constitution**

69.     Joseph Bailey filed a formal complaint with the Harris County Sheriff's Office regarding his treatment in the Harris County jail.

70.     Harris County had actual or constructive notice that they are informed of one or more jail employee's or that they were all not informed; either choice representing a deliberate choice despite the obvious and inherent presence of a viable alternative.

71.     Harris County has a policy, procedure, custom, practice, or protocol which requires its authorized policymaker and/or internal affairs to review citizens' viable complaints against jail employees who plausibly deprive said citizens of their civil rights under color of law; if so, Plaintiff avers that Harris County ratified the conduct of B.G. Croft, Jr., David Kern, and Miles Coco herein committed unreasonably unconstitutional conduct under color of law.

72.     Alternatively, Harris County has a policy, procedure, custom, practice, or protocol which permits its authorized policymaker to refrain from reviewing citizens' viable complaints against Harris County and/or their agents or employees who violate deprived citizens of their civil rights.

### C.  42 U.S.C. § 1983 Claims against Harris County Sheriff's and Harris County Sheriff Ed Gonzalez and Former Harris County Sheriff Ron Hickman:

### (b)     Excessive Force

73.      Mr. Bailey asserts claims against the Harris County Sheriff's Office and Harris County Sheriff Ed Gonzalez and Former Harris County Sheriff Ron Hickman, pursuant to 42 U.S.C. § 1983, based upon its deprivation of and violation of Mr. Bailey's clearly established right, under the Fourteenth Amendment to the United States Constitution, to be entitled to due process during pretrial detention protecting him from excessive force during his pre-trial detainment.  Such violation should have been clear from the perspective of a reasonable police officer on the scene, viewing the objective facts surrounding Mr. Bailey's assault in circumstances where he was on the choked, abused and lacerated where there

was no disturbance ongoing and no reason whatsoever to exert violent physical force upon him, resulting in his serious physical injury.

74.     As plead above, without warning or provocation, Mr. Bailey was severely abused Defendants with no ability to protect himself.  Such acts constitute excessive force in that Mr. Bailey was not physically resisting any actions by the officers.

**(b)     Denial of Medical Care/Attention**

75.     Mr. Bailey asserts claims against the Harris County Sheriff's Office and Harris County Sheriff Ed Gonzalez and Former Harris County Sheriff Ron Hickman, pursuant to 42 U.S.C. § 1983, based upon their intentional deprivation of and violation of Mr. Bailey's established rights.  After being choked and cut, Mr. Bailey was denied medical attention, despite his request for such attention. Mr. Bailey did not pose any type of risk which would have prevented medical attention in a timely and expeditious manner considering his injuries.

**(e)     Failure to Supervise**

76.     Defendants Harris County Sheriff's Office and Harris County Sheriff Ed Gonzalez and Former Harris County Sheriff Ron Hickman have a constitutionally inadequate policy, custom, protocol, and/or training that results in its jail employees believing that the following conduct, which constitutes evidence, in part, of these Defendants' inadequate training, supervision, and/or discipline:

> (a)     has a policy, procedure, custom, practice, or protocol of inadequately training, supervising, and/or disciplining its employees which was a or the motivating force behind Plaintiff's injuries.

(b)     A reasonable employee would have known that it was unnecessary to choke Mr. Bailey under the circumstances.

(c)     A reasonable employee would have known that it was unnecessary to choke and carry Mr. Bailey under the circumstances.

(d)     A reasonable employee would have known that it was unnecessary to put Mr. Bailey in a headlock and ram him against the wall under the circumstances.

(e)     A reasonable employee would have known to not employ excessive or unreasonable force to Mr. Bailey.

(f)     A reasonable employee would have known to not use force on Mr. Bailey under the circumstances.

(g)     A reasonable employee would have known to not grab Mr. Bailey's neck and throat from behind without warning.

(h)     A reasonable employee would have known to not make contact Mr. Bailey from behind in such a manner as would cause him to be deprived of oxygen.

(i)     A reasonable employee would have known to not make contact with Mr. Bailey in such a manner that resulted in bodily injury.

(j)     A reasonable employee would have known to not make contact with Mr. Bailey given the circumstances in such a manner that resulted in Mr. Bailey's loss of consciousness.

(k)     A reasonable employee would have known to not refuse to provide Mr. Bailey with medical attention within a reasonable amount of time.

**(d)     Discipline Regarding Violation of Rights of Citizens Under the Constitution**

77.     Joseph Bailey filed a formal complaint with the Harris County Sheriff's Office regarding his treatment in the Harris County jail.

78.     The Harris County Sheriff's Office and Harris County Sheriff Ed Gonzalez and Former Harris County Sheriff Ron Hickman had actual or constructive notice that they are informed of one or more jail employee's or that they were all not informed; either choice

representing a deliberate choice despite the obvious and inherent presence of a viable alternative.

79.     The Harris County Sheriff's Office and Harris County Sheriff Ed Gonzalez and Former Harris County Sheriff Ron Hickman have a policy, procedure, custom, practice, or protocol which requires its authorized policymaker and/or internal affairs to review citizens' viable complaints against jail employees who plausibly deprive said citizens of their civil rights under color of law; if so, Plaintiff avers that the Harris County Sheriff's Office and Harris County Sheriff Ed Gonzalez and Former Harris County Sheriff Ron Hickman ratified the conduct of Harris County Deputy Sheriff B.G. Croft, Jr. herein committed unreasonably unconstitutional conduct under color of law.

80.     Alternatively, Harris County Sheriff's Office and Harris County Sheriff Ed Gonzalez and Former Harris County Sheriff Ron Hickman have a policy, procedure, custom, practice, or protocol which permits its authorized policymaker to refrain from reviewing citizens' viable complaints against Harris County and/or their agents or employees who violate deprived citizens of their civil rights.

## V.
## DAMAGES

81.     Upon trial of this case by a jury of the Parties' peers, Mr. Bailey will prove by a preponderance of the evidence that he has sustained damages, including but not limited to the following, arising directly and proximately from the tortious acts of the Defendants:

(a)     Past conscious physical pain and suffering, mental anguish, torment, physical impairment, loss of good health and freedom from pain and worry;

(b)    Loss of earnings;

(c)    Past medical expenses;

(d)    Future medical expenses which in reasonable medical probability will be incurred;

(e)    Future conscious physical pain and suffering, mental anguish, torment, physical impairment, loss of good health and freedom from pain and worry;

(f)    Pre-judgment interest at the highest prevailing rate, as permitted by applicable and controlling law;

(g)    Post-judgment interest at the highest prevailing rate, as permitted by applicable and controlling law;

(h)    Attorney's fees; and

(i)    Court costs, expert fees, and related costs of asserting the instant claims, to the extent permitted by 42 U.S.C. § 1988(b) and (c).

## VI.
## PRAYER FOR RELIEF

82.    Joseph D. Bailey prays that he have and recover judgment of and from the Defendants damages in an amount in excess of the minimum jurisdictional limits of this Court and prejudgment interest thereupon at the legal rate, costs of court, attorney's fees, expert fees and related expenses of pursuing the causes of action asserted herein, to the extent authorized by 42 U.S.C. § 1988(b) and (c), and for such other relief, general or special, at law or in equity, to which he may show himself justly entitled.

## VII.
## DEMAND FOR JURY TRIAL

83.    Mr. Bailey respectfully asserts his right, pursuant to the Seventh Amendment to the United States Constitution, for a jury trial on all issues of fact and law to which he is

entitled. Such jury demand is timely and properly made pursuant to Fed. R. Civ. P. 38(a)

and (b)(1) and Local Rule 38, (LR 38.1), of this Honorable Court.

Respectfully submitted,

THE ZWERNEMANN LAW FIRM

_____

Allen H. Zwernemann
FID No. 2851120
SBN: 24034755
6363 Woodway, Suite 300
Houston, Texas 77057
Phone: (281) 221-7168
Fax: (281) 783-4247
Email: az@azlf.com

**ATTORNEYS FOR PLAINTIFF**